{¶ 16} I respectfully dissent from the majority opinion as I believe the facts indicate that no commission is due as a result of the violation of a statutorily provided fiduciary duty.
 {¶ 17} R.C. 4735.62 provides generally the fiduciary duties applicable to real estate licencees.
 {¶ 18} R.C. 4735.63(A)(2) in further expressing such duties states:
 {¶ 19} "(2) Presenting any purchase offer to the client in a timely manner, even if the property is subject to a contract of sale, lease, or letter of intent to lease;"
 {¶ 20} Because Fuller Associates never presented the third offer from Thomas, such statute was violated.
 {¶ 21} I would follow the general principal expressed in IrongateRealtors, Inc. v. Thomas, (Feb, 27, 1998), Greene County App. No. 97CA58.
 {¶ 22} "A real estate broker, acting within the scope of his agency, owes the fiduciary duties of disclosure, good faith, and loyalty to the seller. When the broker breaches his fiduciary duties, commits fraud, acts in bad faith, or otherwise breaches the seller's trust, he is precluded from recovering a commission."